[L. A. No. 8095. In Bank.—April 25, 1924.]

In the Matter of the Estate of EMMA M. BOND, Deceased. WILLIAM S. MASON, etc., Petitioner, v. W. G. WILBER, etc., et al., Respondents.

[S. F. No. 11105. In Bank.—April 25, 1924.]

WILLIAM S. MASON, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF LOS ANGELES, et al., Respondents.

[S. F. No. 11115. In Bank.—April 25, 1924.]

WILLIAM S. MASON, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF LOS ANGELES, et al., Respondents.

[1] EXECUTORS AND ADMINISTRATORS—ACCOUNTS—REMOVAL OF ADMINISTRATOR—JURISDICTION.—An order of the superior court undertaking to revoke letters of administration was within the jurisdiction of said court acquired through the inception of proceedings to compel the making and filing of an account by the administrator, and this being so, whatever error, if any, was committed by said court in its order removing said administrator was an error in the exercise of such acquired jurisdiction, and hence could not be successfully assailed on *supersedeas, certiorari,* nor prohibition proceedings instituted by the administrator.

[2] ID.—ORDER OF REMOVAL OF ADMINISTRATOR—DELIVERY OF PROPERTY—APPEAL—SUPERSEDEAS—PROHIBITION.—On this application for a writ of *supersedeas* preventing the superior court from taking any further proceedings during the pendency of an appeal by a removed administrator looking to the enforcement of an order removing said administrator and directing him to deliver the property and assets of the estate over to a special administrator, it is held that the appeal in question, in connection with which no bond or undertaking was given or offered, was insufficient under the provisions of section 943 of the Code of Civil Procedure to stay the execution of said order, and that for that reason the application for a writ of *supersedeas* and also an application for a writ of prohibition should be denied.

PROCEEDINGS in Supersedeas, Certiorari and Prohibition involving the jurisdiction of the Superior Court to make an order removing an administrator and directing delivery of estate property.   Writs denied.

The facts are stated in the opinion of the court.

Geo. D. Collins, Jr., for Petitioner.

Janeway, Beach & Pratt for Respondent Superior Court.

Oliver O. Clark, Eugene E. Wix and James F. McBryde for Respondent Wilber.

THE COURT.—The foregoing three proceedings were heard together by agreement of the parties and upon their submission were decided from the bench, with the understanding that, if deemed advisable, a memorandum opinion would be filed.   The original proceeding out of which these three matters arose was that of the Estate of Bond, a probate proceeding commenced and still pending in the superior court of the county of Los Angeles.   The facts giving rise to these proceedings in the matter of that estate were briefly these.   Upon the death of Emma M. Bond, who died intestate, one J. J. Bond was appointed administrator of her estate by said court and duly qualified as such administrator.   Subsequently J. J. Bond died, leaving such administration uncompleted.   Thereafter W. G. Wilber was duly appointed executor of the will of said J. J. Bond by said court and duly qualified as such.   In the Matter of the Estate of Emma M. Bond, William S. Mason was, upon the death of J. J. Bond, appointed administrator of the last-named estate, and duly qualified as such.   Thereafter, and during the latter part of the year 1923, said W. G. Wilber filed a petition in the matter of the estate of said Emma M. Bond, alleging that said W. S. Mason, as the administrator of said estate, had failed to render an account as such administrator within the time required by law. Whereupon, a citation was issued by said court, requiring the said W. S. Mason, as administrator of said estate, to appear before said court on the twenty-sixth day of November, 1923, then and there to show cause why an attachment

should not be issued against him to compel the accounting, and why he should not be "discharged" as such administrator. The said W. S. Mason appeared before the said court in response to such petition and citation on the twenty-sixth day of November, 1923, and presented his demurrer and answer to said petition, and the said court on said day, over his objection and exception, made an order for his suspension as administrator of said estate and for the holding of his powers as such administrator in abeyance until such time as he should render to said court an account of his receipts and expenditures during his administration, and a full and true report of all proceedings had and taken by him in the course thereof. Thereafter, and on the seventeenth day of December, 1923, the said Mason presented and filed in said court a verified account of his receipts and expenditures and a report of his proceedings taken in said estate, and also on the thirteenth day of March, 1924, filed an amended account as said administrator, which included additional funds which had come into his hands as such. Thereupon, a date was fixed by an order of court for a hearing upon said accounts and the court by its order directed that its previous proceedings with reference to an accounting by said administrator be continued to that date. Thereafter, and on the fourteenth day of March, 1924, the court made and entered an order in said estate removing said W. S. Mason from his position as administrator of said estate and revoking his letters of administration, and the court by its same order, but without any previous notice having been given thereof, undertook to appoint the Citizens Trust and Savings Bank of Los Angeles, a corporation, administrator of the said estate of Emma M. Bond, deceased. The court also, by said order, directed the said W. S. Mason, whose letters of administration had been revoked, to deliver over to said Citizens Trust and Savings Bank of Los Angeles all of the property and assets of said estate. In so directing the delivery over to said corporation of the assets of said estate the order of the court did not designate that the said Citizens Trust and Savings Bank of Los Angeles was to be delivered said assets in its capacity of such administrator, but merely directed such delivery to it, without indicating in what particular trust capacity the said corporation was to hold and keep such assets.

Thereafter and on the fifteenth day of March, 1924, said W. S. Mason filed a notice of appeal from said order of the previous day, but gave and offered no bond or undertaking upon said appeal. Thereafter, and on the nineteenth day of March, 1924, the said superior court in which the foregoing proceedings had been pending undertook to make an order modifying its said order of March 14, 1924, by inserting in that portion of said order wherein it had appointed the Citizens Trust and Savings Bank of Los Angeles administrator of said estate, the word "special" before the word "administrator" in said order. Thereupon, and on March 26, 1924, the said W. S. Mason commenced the first of the above-entitled proceedings in this court, wherein he prayed for a writ of *supersedeas,* preventing the said superior court from taking any further proceedings during the pendency of said appeal looking to the enforcement of the order or orders appealed from, or in any way modifying the same, and in his prayer to said petition further asked that this court issue an order to show cause why any orders which the said superior court had made purporting to modify the order appealed from should not be declared void. This court issued an order to show cause upon said proceeding and the same came on for hearing before this court on its recent Los Angeles calendar. On April 3, 1924, said W. S. Mason presented and filed in this court a petition for a writ of review, which constitutes the second of the above-entitled proceedings, in which the said superior court was made the respondent, and in which the said petitioner assails the order of said court made and entered on the nineteenth day of March, 1924, by which the Citizens Trust and Savings Bank was attempted to be appointed special administrator of the estate of Emma M. Bond, deceased, upon the ground that said order had been made without the notice required by law, and was, therefore, in excess of the jurisdiction of said court and void. An order to show cause was issued by this court upon said petition, returnable upon the day fixed for the hearing upon the previous proceeding. Thereafter, and on the third day of April, 1924, the said superior court made and entered an order reciting certain of its previous proceedings above referred to, having for their purpose the requiring that said W. S. Mason should render a full, true, and correct account of all pro-

ceedings taken by him in the course of his administration of said estate, and that said W. S. Mason had been removed as administrator of said estate because of his failure to render such an account, and that upon his removal as administrator of said estate he had been required by order of said court to turn over to said Citizens Trust and Savings Bank all of the property and assets of said estate, and that he had failed and neglected to obey said last-named order, whereupon the court directed an attachment to issue against the said W. S. Mason, and that he appear before said court and be required then and there to show cause why he should not be punished for his failure to obey its aforesaid order, and to deliver to said corporation the property and assets of said estate. Thereafter, and on the ninth day of April, 1924, the said W. S. Mason presented and filed in this court his petition for a writ of prohibition, wherein and whereby he sought to have this court prohibit the enforcement by said superior court of the last-named order, upon the ground that said order was in excess of the jurisdiction of said court, for the reason that its previous orders purporting to appoint the said Citizens Trust and Savings Bank special administrator of said estate was void for the reasons stated in his previous application for a writ of review, and for the further reason that the proceedings of said court in the matter of requiring him to turn over the property and assets of said estate had and taken after his appeal from the order of said court purporting to remove him as such administrator and purporting to direct the delivery over of the property and assets of said estate to said Citizens Trust and Savings Bank of Los Angeles had been stayed by said appeal. This court issued an order to show cause in this matter also, making the same returnable upon the date fixed for the hearing of the two previous proceedings. [1] Upon the hearing and submission of each of said matters at the time fixed therefor this court was of the opinion, upon the facts and record of the various proceedings in said estate, that the order of the superior court whereby it undertook to revoke the letters of administration of said petitioner was within the jurisdiction of said court acquired through the inception of the proceedings to compel the making and filing of an account by said petitioner as the administrator of said estate, and that this being so,

whatever error, if any, was committed by said court in its order removing said administrator was an error in the exercise of such acquired jurisdiction, and hence could not be successfully assailed in each or any of the foregoing proceedings. [2] This court was further of the opinion that in so far as the petitioner's application for a writ of *supersedeas* was concerned that the appeal which the petitioner herein had taken from the order of said court removing him as such administrator and directing him to turn over to the Citizens Trust and Savings Bank of Los Angeles the property and assets of said estate was insufficient under the provisions of section 943 of the Code of Civil Procedure to stay the execution of said order, and that for that reason the application of the petitioner for a writ of *supersedeas* should be denied, and that for the same reason the application of the petitioner for a writ of prohibition should also be denied. In so far as the application of the petitioner herein for a writ of review is concerned, wherein it was sought to have the order of said court appointing the Citizens Trust and Savings Bank of Los Angeles special administrator of said estate reviewed and annulled, it was made to appear to said court upon the final day of the hearing upon said petitions that the questions presented upon said application had in effect become moot, and for that reason the parties agreed that the order therein attacked should be annulled, and it was so ordered.

Rehearing denied.